UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22225-Civ-WILLIAMS/TORRES

IRINA CHEVALDINA,

    Plaintiff,

v.

RAANAN KATZ, *et al.*,

    Defendants.

_____/

# ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND OTHER DEADLINES

This matter is before the Court on Defendants' motion to stay discovery and other deadlines [D.E. 36] pending the outcome of Defendants' motion to dismiss against Irina Chevaldina[1] ("Plaintiff"). Plaintiff responded to Defendants' motion on August 21, 2017 [D.E. 43] to which Defendants replied on August 24, 2017. [D.E. 44]. Therefore, Defendants' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendants' motion is **GRANTED**.

## *I.    ANALYSIS*

This case began on June 14, 2017 when Plaintiff filed a complaint [D.E. 1] and alleged that Defendants breached a settlement agreement between R. Katz, D. Katz and the corporate defendants (collectively, the "RK Defendants") on one side,

---

[1]     Plaintiff is representing herself *pro se* in this action.

1

and Plaintiff on the other. The settlement agreement was reached in the case of *R.K./FL Management, Inc. et. al. v. Irina Chevaldina*, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (case no. 11-17842), after Plaintiff made a settlement offer which the RK Defendants accepted. [D.E. 23-3]. Despite Plaintiff's alleged attempts to avoid the plain language of the settlement agreement, it has purportedly been enforced against Plaintiff several times by the state court and the Third District Court of Appeal. [D.E. 23-3, 23-7, 23-8, 23-9, 23-10, 23-13].[2]

On June 30, 2017, Defendants filed a motion to dismiss Plaintiff's original complaint on the basis that the Court does not have subject matter jurisdiction to adjudicate this case. [D.E. 23]. On July 10, 2017, Plaintiff served Defendants with an amended complaint [D.E. 26] and Defendants field another motion to dismiss on July 19, 2017. [D.E. 29]. In addition to re-alleging her previous claims, Plaintiff added a new count, contending that Defendants violated the Driver's Privacy Protection Act (the "DPAA"). Defendants believe that Plaintiff invented this claim out of thin air to contrive a new basis for the Court's jurisdiction since there is no diversity of citizenship between the parties. In any event, Defendants suggest that this new count fails to state a cause of action upon which relief may be granted and that it too should be dismissed with prejudice. Thus, despite Plaintiff's amended

---

[2] Defendants suggest that a Florida state court has specifically reserved jurisdiction to enforce the terms of the settlement agreement at issue, and that the state court reiterated its continuing jurisdiction to enforce those terms as recently as June 8, 2017 – less than one week before Plaintiff commenced this action. [D.E. 23-13].

complaint, Defendants argue that the Court still lacks subject matter jurisdiction and that Plaintiff's amended complaint must be dismissed accordingly.

The thrust of Defendants' motion is that the unique facts and procedural posture of this case warrants a stay of discovery and other deadlines until this Court rules on Defendants' pending motion to dismiss. [D.E. 29]. Defendants argue that this is an unusual case because it involves the frivolous attempts of Plaintiff to re-litigate matters that have already been ruled upon or have been otherwise disposed of on many occasions in state court. As such, Defendants suggest that their motion to dismiss conclusively demonstrates that jurisdiction is not proper before this Court and that Plaintiff cannot assert her claims against Defendants in this forum.

Plaintiff's response is that Defendants have provided no specifics as to why this action should be stayed pending Defendants' motion to dismiss. Instead, Plaintiff suggests that Defendants' motion only makes conclusory statements that the amended complaint lacks merit. Plaintiff believes that this case is not destined for dismissal, as Defendants might believe, and that the motion to stay was filed with reckless disregard for controlling case law, while misrepresenting the underlying facts of this action. And even if Defendants prevail on their motion to dismiss, Plaintiff suggests that there is a high likelihood that she will be given leave to amend – meaning Defendants' motion is not truly case dispositive. Plaintiff also notes that even if Defendants are correct in that this case should be transferred to Florida state court, which purportedly has exclusive jurisdiction over the settlement

3

agreement in question, the motion to stay will only delay the inevitable discovery required to adjudicate the parties' claims and defenses. In sum, Plaintiff argues that Defendants' motion is premature, speculative, fails to provide any specific showing of prejudice or burden, and that it should therefore be denied.

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Additionally, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

To prevail on a motion to stay, Defendants must demonstrate reasonableness and good cause. "While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the *entire action*.'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) (emphasis added) (quoting *Association Fe Y Allegria v. Republic of Ecuador,* 1999 WL 147716

(S.D.N.Y. Mar. 16, 1999)); *see also Patterson,* 901 F.2d at 927 (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a genuine issue of material fact); *Feldman v. Flood,* 176 F.R.D. 651 (M.D. Fla. 1997) (holding stay of discovery not appropriate unless pending dispositive motion would dispose of entire action); *Spencer Trask Software and Information Services, LLC v. Rpost International Limited,* 206 F.R.D. 367 (S.D.N.Y. 2002) (holding good cause for discovery stay exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party); *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261 (M.D.N.C. 1988) (setting up balancing test for stays of discovery).

"In evaluating whether the moving party has met its burden, a court 'must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery.'" *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (emphasis added) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). This means that courts generally take a "preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Feldman,* 176 F.R.D. at 652-53. It is also well established that a stay is rarely granted unless resolution of the motion will dispose of the entire case. *See Gibbons v. Nationstar Mortg. LLC*, 2015 WL 12840959, at *1 (M.D. Fla. May 18, 2015) ("Overall, stays of discovery are seldom granted, but courts have held that

good cause to stay discovery exists when resolution of a dispositive motion may dispose of the entire action.") (citing *Patterson*, 901 F.2d at 929 (holding that the district court did not abuse its discretion by staying discovery where a pending dispositive motion gave the court enough information to ascertain that further discovery was not likely to produce a genuine issue of material fact); *Feldman*, 176 F.R.D. at 652–53 (holding that a stay of discovery was not appropriate where pending motion to dismiss was not case dispositive)).

Here, we agree with Defendants that good cause exists to stay discovery until the Court resolves the pending motion to dismiss. As Defendants point out, there is no diversity of citizenship in this case and the claims at issue appear to be subject to a state court's exclusive jurisdiction over the parties' settlement agreement or otherwise barred by *res judicata*. In making this determination, we are not offering any substantive opinion on the merits of Defendants' motion. Instead, we are only taking a "preliminary peek" to see if Defendants' motion is meritorious and truly case dispositive. *See Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470 at * 2 (M.D. Ga. Oct. 10, 2008) ("[I]t may be helpful for the court to take a 'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted"). And, after taking that preliminary peek, we agree that Plaintiff's entire cause of action before this Court may be dismissed with prejudice because (1) there is no diversity jurisdiction, (2) the claims at issue appear

to be under the exclusive jurisdiction of the state courts, and (3) the DPAA may not apply for several important reasons.[3]

Furthermore, while a potentially dispositive motion is pending, we agree that Defendants should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law. Defendants note that they have already incurred tens of thousands of dollars in attorneys' fees for an action that is not properly before this Court and that it would be a continued waste of judicial economy to allow Plaintiff to litigate this action when the entire case may soon be dismissed. Defendants' arguments are well taken because, as the Eleventh Circuit has stated before, courts should stay actions when it appears that a dispositive motion may dispose of an entire case and preserve resources for all parties, including the Court:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

---

[3] Defendants suggest that not only does the DPAA not apply on its face, but that Plaintiff's driver's license was produced to Defendants during her deposition in the related state court case in February 2012.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). Accordingly, Defendants' motion to stay discovery and other deadlines is **GRANTED** pending the outcome of Defendants' motion to dismiss. [D.E. 36].

## *II.   CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' motion to stay discovery and other deadlines [D.E. 36] is **GRANTED** pending the outcome of the Court's ruling on Defendants' motion to dismiss.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of August, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge