**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 17-22225-Civ-WILLIAMS/TORRES

IRINA CHEVALDINA,

        Plaintiff,

v.

RAANAN KATZ, *et al.*,

        Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

This matter is before the Court on Raanan Katz's *et al.* ("Defendants") motion for Rule 11 sanctions against Irina Chevaldina ("Plaintiff"). [D.E. 49]. Plaintiff responded to Defendants' motion on September 19, 2017 [D.E. 52] to which Defendants replied on October 10, 2017. [D.E. 62]. Therefore, Defendants' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendants' motion is **DENIED**.

### *I. BACKGROUND*

This case began on June 14, 2017 when Plaintiff filed a complaint [D.E. 1], alleging that Defendants breached a settlement agreement between R. Katz, D. Katz and the corporate defendants (collectively, the "RK Defendants") on one side, and Plaintiff on the other. The settlement agreement was reached in the case of

1

*R.K./FL Management, Inc. et. al. v. Irina Chevaldina*, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (case no. 11-17842), after Plaintiff made a settlement offer which the RK Defendants accepted. [D.E. 23-3]. Despite Plaintiff's alleged attempts to avoid the plain language of the settlement agreement, it has purportedly been enforced against Plaintiff several times by the state court and the Third District Court of Appeal. [D.E. 23-3, 23-7, 23-8, 23-9, 23-10, 23-13].[1]

On June 30, 2017, Defendants filed a motion to dismiss Plaintiff's original complaint on the basis that the Court does not have subject matter jurisdiction to adjudicate this case. [D.E. 23]. On July 10, 2017, Plaintiff served Defendants with an amended complaint [D.E. 26] and Defendants field another motion to dismiss on July 19, 2017. [D.E. 29]. In addition to re-alleging her previous claims, Plaintiff added a new count, contending that Defendants violated the Driver's Privacy Protection Act (the "DPAA"). Defendants believe that Plaintiff invented this claim out of thin air to contrive a new basis for the Court's jurisdiction since there is no diversity of citizenship between the parties.

In any event, Defendants suggest that this new count fails to state a cause of action upon which relief may be granted and that it too should be dismissed with prejudice. On August 31, 2017, Plaintiff filed her motion for leave to file a second

---

[1] Defendants suggest that a Florida state court has specifically reserved jurisdiction to enforce the terms of the settlement agreement at issue, and that the state court reiterated its continuing jurisdiction to enforce those terms as recently as June 8, 2017 – less than one week before Plaintiff filed this action. [D.E. 23-13].

amended complaint to clarify that this court has diversity jurisdiction because the parties are citizens of different states. The Court granted Plaintiff's motion [D.E. 54] and Defendants renewed their motion to dismiss on October 12, 2017. [D.E. 65].

## II.    ANALYSIS

### A.    *Rule 11 Standard*

"Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 9106 F.2d 533, 538 (11th Cir. 1990) (emphasis in original). Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). Federal Rules of Civil Procedure 11(b)(1) and 11(b)(3) state:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

3

FED. R. CIV. PRO. 11(b)(1), 11(b)(3).

Additionally, Federal Rule of Civil Procedure 11(c)(1) provides:

> If, after notice and a reasonable opportunity to respond, the court
> determines that Rule 11(b) has been violated, the court may impose an
> appropriate sanction on any attorney, law firm, or party that violated
> the rule or is responsible for the violation.

FED. R. CIV. PRO. 11(c)(1).

"In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would've been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound. The reasonableness of the inquiry 'may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the [violative document]; . . . or whether he depended on forwarding counsel or another member of the bar." *Worldwide Primates, Inc.*, 87 F.3d at 695 (quoting *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992)); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001). "Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient,

4

after a reasonable inquiry, to support a claim under existing law." *Baker v. Adelman*, 158 F.3d 561, 524 (11th Cir. 1998) (citations omitted).

### B.    *Defendants' motion is premature*

Defendants' motion primarily requests sanctions on the basis that the Court lacks diversity jurisdiction over the parties because (1) Plaintiff resides in Ukraine, (2) the damages alleged in the amount of $5 million dollars have no legal or factual basis, and (3) the state court retained jurisdiction over the issues presented in this case.  Defendants also argue that sanctions are appropriate because the case is barred by the doctrine of res judicata and a rule under Florida law against splitting causes of action.  As for Defendants' remaining arguments, Defendants suggest that sanctions must be imposed because (1) Plaintiff could not have been induced to enter into a settlement agreement, (2) neither the facts nor the law support Count III of the amended complaint, and (3) Plaintiff has no claims as a matter of law against Mr. Levine.[2]

As an initial matter, *pro se* litigants are subject to sanctions under Rule 11, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), but the Eleventh Circuit has directed district courts to be *very cautious* before imposing them.  *See Woods v. IRS*, 3 F.3d 403, 404 (11 Cir. 1993) (finding "there can be no doubt that this is a frivolous appeal and we would not hesitate to order sanctions if appellant had been

---

[2]    Mr. Levine was one of Defendants' attorneys in the state court case and Defendants suggest that he was not a party to the settlement agreement.

represented by counsel. However, since this suit was filed *pro se,* we conclude that sanctions would be inappropriate").

Many of Defendants' arguments concern whether this action is properly before this court. For example, Defendants argue that Plaintiff is lying about where she is domiciled and that diversity jurisdiction does not exist because Plaintiff resides in the Ukraine. The basis for Defendants' contention is that Plaintiff previously stated in prior complaints that she resided in the Ukraine. Plaintiff made corrections to her second amended complaint and now states that she is domiciled in Indiana. Defendants are skeptical if Plaintiff is pleading her allegations in good faith because the Indiana address in the signature block of her second amended complaint is a P.O. Box – not a residence.

Next, Defendants take issue with Plaintiff's alleged damages and whether they were presented in good faith. Specifically, Defendants argue that Plaintiff's allegations of $5 million in damages are improper because the alleged conduct could not possibly give rise to such a significant amount of money. More specifically, Defendants cast doubt on the allegation that Plaintiff forfeited $165,000 to satisfy the monetary component of a settlement agreement or that Plaintiff gave up a right to fees as a part of the settlement to support a claim for damages. Defendants also point out that Plaintiff's request for punitive damages are also improper and that they cannot be used to satisfy the $75,000 jurisdictional threshold. Defendants' next arguments are that the state court retains exclusive jurisdiction over this

matter, that Plaintiff's allegations of fraud or breach do not allow Plaintiff to litigate these issues in this forum, and that the doctrine of res judicata and the rule against splitting causes of action doom Plaintiff's complaint.

Without rehashing all of the arguments presented in Defendants' motion, it does not appear that Plaintiff's conduct warrants Rule 11 sanctions at this time "because there is simply not enough evidence to establish that Plaintiff exhibited a 'deliberate indifference to obvious facts' or bad faith for an improper purpose, among other things." *Pena v. New Horizons Computer Learning Ctr. of Miami*, 2012 WL 12903323, at *1 (S.D. Fla. Oct. 22, 2012). Moreover, "[t]he record shows that Defendant[s] moved for Rule 11 sanctions before the court had an opportunity to consider the merits of Defendant's motion to dismiss Plaintiff's complaint." *Id.* When coupled with the fact that the Eleventh Circuit is very cautious "about imposing such sanctions on *pro se* plaintiffs, which defense counsel should have known, the undersigned finds that [Defendants'] motion for Rule 11 sanctions against this *pro se* Plaintiff [is] at best premature." *Id.*

The reason the Rule 11 motion is premature is because it is ordinarily presented during or after the discovery period when a court has enough evidence to determine the veracity of a plaintiff's allegations. *See Luv N' Care, Ltd. v. Shiboleth LLP*, 2017 WL 3671039, at *13 (S.D.N.Y. Aug. 8, 2017) ("Only after discovery has been completed will the Court properly have before it evidence regarding the veracity of Plaintiffs' allegations."). As such, "the prevailing approach of courts

7

faced with this situation, where a defendant files a sanctions motion at the outset of a case on the ground that the plaintiff's allegations are false, is to deny the motion without prejudice to renewal after discovery." *Id*. (citing *Litras v. PVM Int'l Corp.,* 2013 WL 4118482, \*2 (E.D.N.Y. Aug. 15, 2013) ("[B]ecause the Court concludes that plaintiff's amended complaint survives defendants' motion to dismiss . . . and because the Court has no basis to believe that any of the allegations contained within plaintiff's amended complaint are false and were known to be false at the time the amended complaint was filed, defendants' motion for sanctions is denied at this juncture."); *Johnson v. Levy,* 2012 WL 3580236, at \*11-12 (E.D.N.Y. Aug. 17, 2012); *Baez v. JetBlue Airways,* 745 F. Supp. 2d 214, 226 (E.D.N.Y. 2010); *Young v. Suffolk County,* 705 F. Supp. 2d 183, 215 (E.D.NY. 2010); *GTFM Inc. v. Int'l Basic Source, Inc.,* 2002 WL 42884, at \*2 (S.D.N.Y. Jan. 11, 2002) (concluding that "motion for sanctions under Rule 11 [wa]s premature" because it could not "be resolved until after jurisdictional discovery ha[d] been conducted"); *Baskin v. Lagone,* No. 90 Civ. 5478(RPP), 1993 WL 59781, at \*6 (S.D.N.Y. Mar. 3, 1993) ("Because it is not entirely clear, and it is in any event premature to ascertain, that the Plaintiffs' Amended Complaint is not grounded in fact or warranted by existing law, as Rule 11 requires before sanctions can be imposed, the motion for sanctions is denied.")).

In sum, we find that Defendants' arguments are premature and that Defendants "can be made whole by, *inter alia*, an award of attorney's fees and costs

in connection with the motion to dismiss the amended complaint pending before," the District Judge.[3] *See Pena*, 2012 WL 12903323, at *1. Accordingly, Defendants' motion is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' motion for sanctions is **DENIED** with leave to renew when appropriate before entry of final judgment. [D.E. 62].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of October, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3]     If the District Judge denies Defendants' motion to dismiss, Defendants have the option of filing another motion for sanctions at a later stage of the litigation.